UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    Plaintiff,<br><br>  v.<br><br>**DEION JENNINGS,**<br><br>    Defendant. | Case No.: **1:20-CR-149**<br><br>**Judge Timothy Black**<br><br>**PROTECTIVE ORDER** |

WHEREAS, after receiving a discovery request, the government will produce to the defendant discovery relating to the above-captioned matter, some of which includes information falling into one or more of the following categories (collectively, "Protected Information"):

a. Personal Identifying Information of any individual, including without limitation any person's date of birth, social security number, residence or business address, telephone number(s), email address(es), driver's license number, professional license number, family members' names, or criminal history ("Personal Identifying Information");

b. Medical records or other patient information of any individual covered by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) ("Medical Information"); and

c. All materials identified and designated by the Cincinnati Police Department's Records Division as being "for counsel only."

WHEREAS, the government represents that the unrestricted dissemination of Protected Information could adversely affect the privacy interests and safety of third parties; and the Court finds, that for that reason, the government has a compelling interest in preventing Protected Materials from being disclosed to anyone not a party to the court proceedings in this matter;

AND WHEREAS, the Court has the power under Fed. R. Crim. P. 16(d)(1) and 26.2 to grant appropriate relief to the parties where required in the interests of justice;

IT IS HEREBY ORDERED that:

1. Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the government shall segregate the Discovery Materials into three categories: (1) General Discovery Materials; (2) Sensitive Discovery Materials; and (3) Attorneys' Eyes Only Materials. The category to which particular discovery materials belong shall be clearly identified by the government.

2. General Discovery Materials are defined as documents and other materials that are not otherwise designated as falling into the categories of Sensitive Discovery Materials or Attorney's Eyes Only Materials.

3. Sensitive Discovery Materials are defined as those including any Personal Identifying Information.

4. Attorneys' Eyes Only Materials are defined as including Discovery Materials containing Medical Information and information designated as "for counsel only" by the Cincinnati Police Department's Records Division.

5. The government shall mark each page of each document and each item provided as Discovery Materials with a unique identifying prefix and number that identifies the category into which the material falls, or, if marking is not practicable due to the format of the discovery, shall

otherwise clearly inform defense counsel in writing of the designation.

6. The "Defense Team" is defined as (i) the defendant; (ii) counsel of record for the defendant and their staff members (associates, paralegals, investigators, litigation support personnel, and legal assistants/secretarial staff) and (iii) experts, translators, interpreters, consultants and investigators retained to assist in the preparation of the defense.

7. Except as provided in this Order, General Discovery Materials can be shared with all members of the Defense Team and may be left in the possession of the Defendant. General Discovery Materials shall not be further disseminated[1] by the Defense Team to any individuals, organizations, or other entities outside the Defense Team, except as provided below:

   a. Members of the Defense Team, but not the defendant, may show (but not provide copies of) any General Discovery Materials to witnesses or potential witnesses during the course of their investigation of this case.

8. Sensitive Discovery Materials shall not be disseminated by anyone other than defense counsel of record, and said dissemination shall be subject to the following restrictions:

   a. Defense counsel of record shall not disseminate Sensitive Discovery Materials to any individuals, organizations, or other entities, other than to members of the Defense Team.

   b. Sensitive Discovery Materials may be shown to the defendant, but such materials may not be left in the possession or custody of the defendant. In addition, the defendant is prohibited from maintaining in his possession any notes, summaries, or

---

[1] "Disseminate" means to provide, show, or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom.

other materials derived from Sensitive Discovery Materials, regardless of who prepared the notes.

9. Attorneys' Eyes Only Materials shall not be further disseminated by counsel of record to any individuals, organizations, or other entities, except as provided below:

   a. Counsel of record may disseminate any Attorneys' Eyes Only Materials only to their associates, paralegals, litigation support personnel, and legal assistants/secretarial staff assigned to the Defense Team, as well as any retained experts. Counsel of record may not disseminate any Attorneys' Eyes Only Materials to the defendant, experts who have not been retained, translators, interpreters, or consultants, or to witnesses or potential witnesses.

10. If the parties cannot agree on a designation of any of the Discovery Materials, the defendant, through counsel of record, may seek relief from the government's designation (or a re-designation) as to a particular item of discovery by filing a motion with the Court. The government shall be given an opportunity to respond to the motion. No further dissemination of the item(s) shall be made until after the Court rules on the motion.

11. Each member of the Defense Team to whom disclosure is made pursuant to the terms of this Order shall be provided a copy of this Order and shall be advised that he or she shall not further disseminate the materials, except as provided herein. No Discovery Materials shall be disseminated to any person unless that person first signs the Acknowledgment in the form attached hereto as Appendix A, agreeing to comply with the terms of this Order. The signed Acknowledgment shall be filed with the Court under seal.

12. Defense counsel of record shall provide to the Court, *ex parte* and under seal, notice

of proposed dissemination of any Discovery Materials in the Sensitive Discovery Materials and Attorneys' Eyes Only Materials categories to any individual not expressly authorized to receive such materials by this Protective Order. Before receiving any Discovery Materials, each of the individuals to whom the Court authorizes disclosure to be made shall sign the Acknowledgment in the form attached hereto as Appendix A, agreeing to comply with the terms of this Order. The signed Acknowledgment shall be filed with the Court under seal.

13. The substitution, departure, or removal for any reason from this case of counsel for the defendant, an expert witness, or anyone associated with the Defense Team shall not release that person from the provisions of this Order or the Acknowledgement executed in connection with this Order. Additionally, any Discovery Materials, including copies and notes, within the possession of a former member of the Defense Team shall be immediately returned to defense counsel of record.

14. Defense counsel shall store all Discovery Materials, and any copies thereof, in a secure place, such that the Discovery Materials cannot be accessed by others not on the Defense Team.

15. The Discovery Materials in this case are now and will forever remain the property of the United States Government. Upon written request of the Government, all Discovery Materials not previously destroyed shall be returned to the Government or shall be returned or disposed of as otherwise instructed by the Government. Absent any such request, all Discovery Materials shall be destroyed promptly at the conclusion of the case.

16. All Discovery Materials are to be provided to counsel of record for the defendant, and used by the defendant and the Defense Team solely for the purpose of allowing the defendant to prepare his defense. The defendant and Defense Team shall not make, or participate in the making

of, any extrajudicial disclosure of Discovery Materials for dissemination by means of public communication, unless such materials are (or become) public record, including but not limited to, trial transcripts, documents that have been received in evidence at other trials, or documents that are otherwise properly placed in the public domain.

17. The government is responsible for correctly identifying into which of the above categories it believes the Discovery Materials fall. The government is also responsible for properly marking the Discovery Materials in a clear manner to identify the category in which the Discovery Materials were placed by the government. The defendant and the Defense Team may rely on the government's designated or re-designated category identifications of the Discovery unless and until modified by the Court's order. Moreover, the Defense Team has no obligation to determine the category into which the Discovery Materials belong or may belong. However, defense counsel of record shall, in good faith, inform the government of any Discovery Materials that the government has entirely failed to mark, and the Defense Team shall refrain from dissemination of said discovery until the government has identified the item's category and marked the item as such.

18. Nothing in this Order shall preclude the government or the defendant from seeking a further Protective Order pursuant to Rule 16(d) as to particular items of Discovery Materials. This Order is entered without prejudice to either party's right to seek a revision of the Order by appropriate motion to the Court.

**SO ORDERED:**

Dated: 3/11/2021

_____
HON. TIMOTHY BLACK
UNITED STATES DISTRICT JUDGE

Appendix A

## **ACKNOWLEDGMENT**

The undersigned hereby acknowledges that he or she has read the Protective Order entered in the United States District Court for the Southern District of Ohio in the case captioned United States v. Deion Jennings, Criminal No. 1:20-CR-149, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any documents or information made available to him or her other than in strict compliance with the Order. The undersigned acknowledges that his or her duties under the Order shall survive the termination of this case and are permanently binding, and that failure to comply with the terms of the Order may result in the imposition of sanctions by the Court.

DATED:_____  BY: _____
                                           (type or print name)

                                   SIGNED: _____